**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**KEVIN MORAN**
Plaintiff,

**v.**

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION**
Defendant.

**Case No.: 2:26−cv−01276−YY**

---

**Social Security Case Assignment Order**

**1. Presiding Judge:** The above referenced case has been filed in the Pendleton Division of the U.S. District Court for the District of Oregon and assigned for all further proceedings to:

**Presiding Judge . . . . . . . . . . . U.S. Magistrate Judge Youlee Yim You**
**Presiding Judge's Suffix Code*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . YY**

***These letters must follow the case number on all future filings.**

**2. Case Status or Scheduling Questions:** Questions about the status or scheduling of this case should be directed to the judge's courtroom deputy clerk at:

Telephone: 503−326−8057
Email: you_crd@ord.uscourts.gov

**3. Filing or Docket Entry Questions:** For questions about CM/ECF filings or docket entries call 503−326−8050 to speak to the case administrator.

**4. Place of Filing:** Pursuant to LR 3−3 all conventionally filed documents must be submitted to the Clerk of Court, Mark O. Hatfield U.S. Courthouse, 1000 S.W. Third Ave., Portland, OR, 97204. (See also LR 5−5)

**5. District Court Website:** Information about United States Magistrate Judges in the District of Oregon; local rules of practice; CM/ECF electronic filing requirements; responsibility to redact personal identifiers from pleadings, motions, and other papers; and other related court information can be accessed on the court's website at ord.uscourts.gov.

**6. Free Legal Assistance for Pro Se Litigants:** Litigants proceeding pro se (without a lawyer) may qualify for free legal assistance from the Oregon Chapter of the Federal Bar Association's Free Federal Law Clinic. To see if you qualify, apply at fedlawclinic.com.

**7. Jurisdictional Authority of Magistrate Judges:** Pursuant to LR 73, 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties have voluntarily consented to have the assigned United States Magistrate Judge conduct all further proceedings in this case, including trial and entry of judgment, with direct review by the Ninth Circuit Court of Appeals in the event an appeal is filed.

**DATED: June 24, 2026**

**MELISSA AUBIN**
**Clerk of Court**

by: /s/ K. Skow
K. Skow, Deputy Clerk

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**KEVIN MORAN**
Plaintiff,

**Case No.: 2:26−cv−01276−YY**

**v.**

**COMMISSIONER SOCIAL SECURITY ADMINISTRATION**
Defendant.

**Social Security Case Procedural Order**

The above action seeks review of a final decision by the Commissioner of the Social Security Administration under Title II and/or Title XVI of the Social Security Act. The Court's jurisdiction is limited to reviewing the administrative record to determine whether the decision is supported by substantial evidence in the record and free of legal error. Notwithstanding any other rule governing the procedure in civil cases, the following procedural requirements shall apply in this action:

**1. Electronic Access to Social Security Case Documents:**

**a. Restrictions on Public Access:** In accordance with the September 1, 2004 action of the Judicial Conference of the United States Courts, Social Security case documents are exempted from public access using the PACER or CM/ECF systems.

**b. CM/ECF Access Permitted for Attorneys of Record:** Electronic access to social security case documents is available to CM/ECF registered attorneys of record in this case and to an unrepresented party who has been given permission by the assigned judge in this case to become a registered CM/ECF user pursuant to Local Rule 5−1. Further information on electronic filing is available on the court's website at ord.uscourts.gov.

**2. Redaction of Personal Identifier Information:** Notwithstanding the limitations on public access described in the preceding paragraph, the parties are still required to redact personal identifier information from all filings, except the administrative record (*See* Fed. R. Civ. P. 5.2).

**3. Transmittal of Notice of Electronic Filing to Counsel for the Social Security Administration and the U.S. Attorney's Office:**

**a.** The Clerk's Office noticed counsel for the Social Security Administration and the United States Attorney for the District of Oregon on **June 24, 2026**, pursuant to Fed. R. Civ. P. Supp. R. Soc. Sec. 3.

**b.** Not later than five (5) days after receipt of this order, plaintiff, or if represented, plaintiff's attorney, will send written notice of the plaintiff's complete Social Security number to the local AUSA at the following address:

**United States Attorney's Office**
**ATTN: Civil Division, Social Security support staff**
**1000 SW Third Avenue, Suite 600**
**Portland, OR 97204−2936**

**4. Case Management Deadlines:** Unless a "Notice of Intent to Engage in Voluntary Settlement Procedures" is timely filed, the following case management deadlines and procedural requirements apply. The Court grants an extension of time for defendant to file an answer up to and including 120 days from the effective date of service.

| Requirement | Deadline | Responsibility |
|---|---|---|
| Service of the Notice of Plaintiff's Social Security Number | Not later than five (5) days after receipt of this Order | Plaintiff |
| Ordering the Transcript of the Administrative Record | Not later than five (5) days after receipt of the Notice of Plaintiff's Social Security Number | Defendant |
| Filing an Answer/Transcript of the Administrative Record | Not later than 120 days from the notice of the action | Defendant |
| Filing a Plaintiff's Brief | Not later than 90 days after service of the Answer/Transcript of the Administrative Record | Plaintiff |
| Filing a Commissioner's Brief | Not later than 60 days after service of Plaintiff's Brief | Defendant |
| Filing a Reply Brief | Not later than 14 days after service of Commissioner's Brief | Plaintiff |

**5. No Extensions Authorized Without Court Order:** See LR 16−3 and LR 29.

**6. Under Advisement Date:** Unless otherwise directed by the Court, this matter will be taken under advisement (without further hearing) twenty−one (21) days after the filing of Commissioner's Brief.

**7. Briefing Requirements**

**a. Plaintiff's Opening Brief**

(i) Following a short, optional introductory paragraph, plaintiff shall list the errors alleged, followed by a clear statement of the relief requested. General statements, such as "the ALJ's decision is not supported by substantial evidence," are unacceptable. The Court will not consider or rule on assignments of error that are not listed in this section of the opening brief.

(ii) Plaintiff shall provide a brief summary of the relevant procedural history and present the relevant facts in the argument section in the context of the specific errors alleged. Plaintiff should not set forth a separate lengthy recitation of background facts or medical evidence.

(iii) The opening brief shall fully explain each issue raised and cite to the specific pages of the administrative record and the relevant legal authority that support each argument and request for relief.

**b. Defendant's Response Brief**

Following a short, optional introductory paragraph, defendant shall indicate whether each error raised in the opening brief is disputed or undisputed. Defendant need not address plaintiff's procedural summary unless there is disagreement. Subsequent sections of defendant's brief shall respond to each disputed assignment of error and request for relief, and shall cite to the specific pages of the administrative record and relevant legal authority. If defendant's responsive briefing includes a motion to remand for further proceedings, defendant shall state whether each issue plaintiff raised is disputed or undisputed.

**c. Five Step Findings**

The parties need not restate the five step findings contained the ALJ's decision. Also, the Court is familiar with the standard of review and the five step sequential evaluation process. The parties should avoid boilerplate discussions of these standards and should instead focus on applying relevant and controlling legal authority to the facts of this case.

The Court may strike or return for correction briefs not conforming to this Order.

**8. Application for Attorney Fees:** If a judgment favorable to the Plaintiff is entered, attorney's fees will be awarded by the Court upon application by the Plaintiff, regardless of whether a final determination has been made by the Commissioner.

A fee petition, accompanied by an affidavit which itemizes the representation in each forum, should be filed with the Court within thirty (30) days of entry of judgment. (See § 28 U.S.C 2412(d)(1)(B)). In no case will the Court grant fees exceeding 25% of the award.

**DATED: June 24, 2026**

**MELISSA AUBIN**
**Clerk of Court**

by: /s/ K. Skow
K. Skow, Deputy Clerk